UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bradlei GUTIERREZ VELAZQUEZ,<br><br>                              Petitioner,<br><br>v.<br><br>Kristi NOEM, et al.,<br><br>                              Respondents. | Case No.: 25-cv-3273-AGS-KSC<br><br>**ORDER REQUIRING RESPONSE** |

Petitioner Bradlei Gutierrez Velazquez seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting use of those Rules to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Petitioner alleges that he's been in immigration custody since "May 19, 2025." (ECF 1, at 7.) He asserts that he "faces unlawful detention because" respondents' "newly adopted interpretation" of "8 U.S.C. § 1225" and "8 U.S.C. § 1226"—which was "formalized by the Board of Immigration Appeals [] in *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025)"—"bars" him "from seeking release on bond." (ECF 1, at 2–3.) This statutory misclassification, he argues, renders his detention "unlawful." (*Id.* at 1.)

This challenge has sufficient potential merit to warrant a response. Functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[T]he Court

concludes that petitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *see also Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice."); *Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025) ("Petitioner's detention is governed by § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures, as at least thirty federal district courts around the country, including two in this Circuit, have concluded when faced with habeas petitions from comparably situated petitioners.").

By **December 4, 2025**, respondent must answer the petition. Any reply by petitioner must be filed by **December 8, 2025**. The Court will hold oral arguments on the petition on **December 12, 2025**, at **2:00 p.m.**

Dated:  November 25, 2025

Hon. Andrew G. Schopler
United States District Judge